IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Plaintiff,

 v.

AMERICAN GLORY RESTAURANT CORP.,

     Defendant.
-------------------------------------------------------x

Civil Action No. 1:20-CV-1184 (DNH/DJS)

COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and sex, and retaliation, and to provide appropriate relief to Charging Party Anthony C. Dougherty and other aggrieved individuals who were adversely affected by such practices.  As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that the Defendant, American Glory Restaurant Corp. ("American Glory" or "Defendant"), violated Title VII by subjecting Charging Party and similarly aggrieved Black employees to racial harassment and by creating and maintaining a hostile work environment based on their race.  The Commission also alleges that Defendant violated Title VII by subjecting female employees to sex harassment and by creating and maintaining a hostile work environment based on their sex.  The Commission further alleges that Defendant retaliated against Charging Party for objecting to and complaining about the hostile work environment by drastically reducing his hours, resulting in his constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant American Glory Restaurant Corp. has continuously been a New York Corporation doing business in the State of New York, the City of Hudson and the Village of Tannersville, and has continuously had at least fifteen 15 employees.

5. At all relevant times, Defendant American Glory has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On July 20, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with

the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission and on July 28, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### RACE

11. Joseph Fierro is Defendant's sole owner and President. Fierro is a white male.

12. Charging Party is a Black male. He began working for Defendant in August 2018 as a Server. He worked for Defendant until March 2019, when he was constructively discharged in retaliation for complaining of discrimination.

13. Since at least August 2018, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Charging Party and similarly aggrieved individuals to a hostile work environment because of their race (Black). For example:

    a. Fierro regularly subjected Charging Party and similarly aggrieved individuals to race-based comments and racist jokes. On multiple occasions, Fierro used the words, "nigga" and "nigger." Fierro also referred to the kitchen employees as "slow Mexicans" and used the slur "beaner." Fierro also made negative comments about Black and Hispanic people generally.

b. Fierro told Charging Party that he does not usually hire Black people, but that Charging Party seemed like a good worker.

c. Fierro repeatedly remarked that former President Barack Obama was "bad" because he is Black. He told Charging Party that "they" were "all rats with a pied piper for following Obama." Charging Party understood Fierro to be referring to Black people.

d. Fierro also made racist comments in front of customers. For example, he told a table of customers that Charging Party – a man in his forties – was part of Fierro's "inner-city program where he took troubled inner-city youth and gave them jobs." On another occasion, Charging Party called Fierro, "Sir." Fierro responded by telling Charging Party, "that's like me calling you 'my nigga.'" A nearby customer was visibly shocked by Fierro's remark.

e. Fierro also said that Charging Party was "doing a white man's job." However, when he saw Charging Party cleaning, he noted, "That is what a Black man should be doing."

f. Fierro assigned to Charging Party and a Black Prep Cook more work than white employees and assigned to them work that was considered less desirable.

g. Charging Party and similarly aggrieved individuals were subjected to some or all of the conduct described above on a daily or near-daily basis during their employment.

14. The effect of the practices complained of in paragraph 13 above has been to deprive Charging Party and similarly aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as an employee because of their race (Black).

15. The unlawful employment practices complained of in paragraph 13 above were intentional.

16. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and the other aggrieved individual.

## SEX

17. Since at least August 2018, Defendant has engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting female Servers to a hostile work environment based on sex (female). For example:

   a. Fierro regularly referred to female Servers' "big tits" and told them, "Big tits get big tips." He also leered at them in a sexually suggestive manner and commented on their bodies.

   b. Fierro repeatedly suggested that female Servers dance in cages, sometimes together, for tips. He also suggested that they touch each other and "make out."

   c. He subjected female Servers to unwanted physical contact. For example, on one occasion, he hugged a female Server. She tried to pull away, but Fierro kissed her on the neck and sucked hard enough to leave a mark. Fierro then suggested that the Server should come to his house to have sex.

   d. Fierro also used his physicality to make female Servers uncomfortable by cornering them, grabbing their arms and standing extremely close to them, sometimes almost nose-to-nose.

    e. He often referred to women and female Servers as "whores," "hookers," and "bitches." On multiple occasions, he screamed at female Servers, reducing them to tears.

    f. This conduct (and the conduct described in paragraph 13) was exacerbated by Fierro's intoxication. Fierro regularly came to the restaurant and catering events intoxicated and became even more intoxicated while there.

    g. Female Servers were subjected to some or all of the conduct described above on a daily or near-daily basis during their employment.

18. The effect of the practices complained of in paragraph 17 above has been to deprive the aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

19. The unlawful employment practices complained of in paragraph 17 above were intentional.

20. The unlawful employment practices complained of in paragraph 17 above were done with malice or with reckless indifference to the federally protected rights of the aggrieved individuals.

## RETALIATION

21. Since at least March 2019, Defendant has engaged in unlawful discriminatory practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Charging Party because of his opposition to the unlawful practices described above.

22. In early March 2019, Charging Party complained more formally to Fierro about Fierro's discriminatory and harassing treatment. Days later, in retaliation for that complaint,

Defendant drastically reduced Charging Party's hours, leaving Charging Party no choice but to resign.

23. The effect of the practices complained of in paragraphs 21-22 has been to deprive Charging Party of equal employment opportunity and otherwise adversely affect his status as an employee because of his protected activity.

24. The unlawful employment practices complained of in paragraphs 21-22 were intentional.

25. The unlawful employment practices complained of in paragraphs 21-22 were done with malice and or with reckless indifference to the federally protected rights of Charging Party.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in unlawful employment practices that discriminate on the basis of race or sex, including harassment and the creation of a hostile work environment.

B. Issue a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in unlawful retaliation.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black and female employees and which eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Charging Party by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

E. Order Defendant to make whole Charging Party and the other aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-25 above in amounts to be determined at trial.

F. Order Defendant to make whole Charging Party and the other aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-25 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay Charging Party and the other aggrieved individuals punitive damages for its malicious and reckless conduct, as described in paragraphs 13-25 above in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 25, 2020
New York, New York

                                                Respectfully Submitted,

                                                SHARON FAST GUSTAFSON
                                                General Counsel

                                                GWENDOLYN YOUNG REAMS
                                                Associate General Counsel

9

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

JEFFREY R. BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

 /s/ Nora E. Curtin
Nora E. Curtin, Bar Number: 502541
Supervisory Trial Attorney
nora.curtin@eeoc.gov

Renay M. Oliver
Trial Attorney
renay.oliver@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004
(929) 506-5289 (p)
(212) 336-3623 (f)