IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                      Case No. 1:20-cv-01184(DNH/DJS)

                  Plaintiff,

        v.


AMERICAN GLORY RESTAURANT CORP.

                  Defendant.
------------------------------------------------------x

## CONSENT DECREE

On September 25, 2020, EEOC brought this Title VII action against American Glory for creating a racially and sexually hostile work environment and engaging in unlawful retaliation. EEOC alleges that Joseph Fierro, American Glory's owner and President, and other managers and employees repeatedly subjected Charging Party Anthony Dougherty and other Black employees to racist and derogatory comments and slurs and subjected female employees to sexual harassment, which included leering and crude sex-based comments.  Finally, EEOC alleged that when Dougherty complained, Defendant cut his hours drastically, leaving him no choice but to resign. Dougherty was constructively discharged in March 2019.

Defendant denies the allegations in the Complaint and asserts that it did not engage in any unlawful discrimination, or any other unlawful conduct.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed, and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## GENERAL PROVISIONS

### Purpose of this Decree

1.      EEOC and American Glory Restaurant Corp. ("Defendant") desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the parties.

2.      The Decree resolves all issues that were raised in EEOC's Complaint and EEOC Charge of Discrimination number 520-2019-02753, which served as the jurisdictional prerequisite in this case.  This Decree in no way affects EEOC's right to process any pending or future charges that may have been or will be filed against Defendant, and to commence civil actions on any such charges.

3.      EEOC and Defendant agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met.  No party will contest the validity of this Decree or the jurisdiction of the Court to enforce this Decree and its terms.

4.      The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered without Findings of Fact and Conclusions of Law being made and entered by the Court.

### Definitions

5.      Days: Days refers to calendar days.

6.      Effective date:  The effective date of this Decree will be the date it is docketed by the Clerk of the Court after it is signed by and/or receives approval from the Court.

### Applicability of Decree to Successors and
### Assigns or Upon Purchase, Merger or Consolidation

7.      At least forty-five (45) days before Defendant engages in any transfer of their business or its assets, Defendant must provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of their business or its assets, and to any potential successors, assigns, or affiliates, including any entity with which Defendant may merge or consolidate.

8.      Defendant will provide written notice to EEOC twenty-one (21) days before any transfer or sale of their business or its assets.

### Amendments to this Decree

9.      This Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and approved or ordered by the Court.

### Severability

10.      If one or more provisions of this Decree are rendered unlawful, unenforceable, or incapable of performance as a result of a legislative act or a decision by a court of competent jurisdiction, the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful unenforceable, or incapable of performance, except to the extent that the intent of this Decree would be undermined.

### Breach of the Decree

11.      A breach of any term of this Decree by Defendant will be deemed a material and substantive breach of this Decree.  Nothing in this Decree will be construed to preclude EEOC

from bringing proceedings to enforce this Decree if Defendant fails to perform any of the terms

contained herein. This Decree will be construed by this Court under applicable federal law.

**Notices**

12.     Except as otherwise provided for in this Decree, all notifications, reports, and

communications to the parties required under this Decree will be made in writing and will be

sufficient if emailed to the following persons (or their designated successors):

| | |
|---|---|
| For EEOC: | Renay M. Oliver |
| | Trial Attorney |
| | U.S. Equal Employment Opportunity Commission |
| | New York District Office |
| | 33 Whitehall Street Fl. 5 |
| | New York, NY 10004 |
| | (929) 506-5289 |
| | Email: renay.oliver@eeoc.gov        and |
| | decreemonitor.nydo@eeoc.gov |
| | |
| For Defendant: | Joe Fierro |
| | American Glory Restaurant Corp. |
| | 342 Warren St. Hudson, NY 12534 |
| | (518) 822-1234 |
| | Email: jf@americanglory.com |

Any party may change such addresses by written notice to the other parties setting forth a new

address for this purpose.

13.     The entry date of this Decree will be the date it is docketed by the Clerk of the

Court after it is signed by and/or receives approval from the Court.

**INJUNCTIVE RELIEF**

**Injunctions**

14.     Defendant, its managers, officers, agents, and any other person or entity acting on

behalf of Defendant, are hereby enjoined from engaging in or failing to prevent or correct unlawful

harassment based on race and permitting, engaging in, or failing to prevent the use of racial slurs and racist comments.

15.    Defendant, its managers, officers, agents, and any other person or entity acting on behalf of Defendant, are hereby enjoined from engaging in or failing to prevent or correct unlawful harassment based on sex and permitting, engaging in, or failing to prevent the use of unwelcome sexual comments.

16.    Defendant, its managers, officers, agents, and any other person or entity acting on behalf of Defendant, are hereby enjoined from engaging in unlawful retaliation of any kind against any person because such person has opposed or complained of harassment, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under Title VII or this Decree, or because such person was identified as a possible witness in connection with this matter.

### Postings and Distribution of Notices

17.    Within seven (7) days of entry of this Decree, Defendant will conspicuously post and maintain a "Notice of Lawsuit and Resolution" in all prominent places where employee notices are posted.  A copy of the Notice of Resolution is attached as Exhibit A to this Decree.  Within seven (7) days of posting, Defendant will provide pictures and certify in writing to EEOC that it has posted copies of the Notice of Resolution.

18.    Within seven (7) days of entry of this Decree, a General Manager or Assistant General Manager of Defendant will issue to all employees a copy of the Notice of Resolution and a memo signed by Fierro affirming Defendant's commitment to equal opportunity in all aspects of employment.  A copy of the Memo to Employees is attached as Exhibit B. Defendant will provide copies of the Notice and Memo to all new employees.  Every six (6) months beginning six (6)

months after entry of this Decree, Defendant will certify in writing that it has provided a copy of the Notice and Memo to all new employees during the period, and provide a list of employees to whom they were distributed.

## Independent Monitor

19.     Within fourteen (14) days of entry of this Decree and for the duration of this Decree, Defendant will retain Elena DeFio Kean, Esq. of Hinman Straub, P.C. as an Independent Monitor to ensure compliance with this Decree, and receive, investigate, and address complaints of discrimination and retaliation from Defendant's applicants and employees.   Hinman Straub, P.C. must create a dedicated email address and phone number to which employees may direct complaints of discrimination or retaliation. Within twenty-one (21) days of entry of this Decree, the Independent Monitor will introduce themselves to employees at each location and circulate to employees a laminated card with their contact information.  The cards will be distributed to any employee not present during the Independent Monitor's visit by a manager other than Joseph Fierro.

## Revised Anti-Discrimination Policy

20.     Within twenty-one (21) days of entry of this Decree, Defendant will adopt and distribute (in hard copy and via email) to each employee a revised anti-discrimination policy (the "Policy") setting forth Defendant's commitment to equal opportunity in all aspects of employment and, at a minimum, containing the following: (1) a detailed explanation of the prohibition against race and sex discrimination, including harassment, and retaliation; (2) the assurance that Defendant will not retaliate against employees who make complaints of discrimination, who oppose practices they consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination; (3) a clearly described complaint

process that provides accessible avenues of complaint with a number of choices of individuals to whom complaints can be made, including persons outside the employee's chain of command and the Independent Monitor described in paragraph 19 above; (4) the assurance that Defendant will accept any and all complaints from employees who wish to file complaints internally; (5) the assurance that Defendant will keep confidential to the extent possible and not publicize unnecessarily the subject matter of the complaints or the identity of the complainants; (6) a process that provides a prompt, thorough, and effective investigation, including interviewing complainant and all witnesses and obtaining and reviewing all material documents identified by the complainant or respondent to the extent necessary to reach a reasonable conclusion concerning the allegations; (7) a requirement that all aspects of an investigation be thoroughly documented in written form; (8) assurance that upon completion of an investigation into a discrimination complaint, the complainant and the respondent will promptly receive a summary of the conclusions reached as a result of the investigation; and (9) the assurance that Defendant will take prompt and appropriate corrective action when it determines that discrimination has occurred.  The Policy is attached as Exhibit C. The Policies and Procedures will not be modified without EEOC approval. Attachment of the Policies and Procedures to this Decree is not a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws.

21.     Defendant will provide all new employees with copies of the Policy within seven (7) days of the commencement of their employment.

22.     Within thirty (30) days of entry of the Decree, and on an annual basis within thirty (3) days of the anniversary of entry of this Decree thereafter, Defendant will certify in writing to EEOC that they have distributed the Policy in accordance with the above terms and include a list of applicants and employees to whom it was distributed.

23.     The Policy will be distributed by a General Manager or Assistant General Manager of Defendant.  Joseph Fierro agrees to have a General Manager or Assistant General Manager for American Glory Restaurant Corp. who will be responsible for new hire documentation referenced herein.

### Training

24.     Within thirty (30) days of entry of the Decree, and every six (6) months thereafter, Defendant will have Elena DeFio Kean and/or Kristin Foust of Hinman Straub, P.C. provide Joseph Fierro with no fewer than six (6) hours of live, interactive, in-person and/or virtual training on federal laws prohibiting discrimination in employment, with a special emphasis on race and sex discrimination, including harassment, and retaliation.  The training must be conducted on a one-on-one basis, or if impracticable, in a small class setting of no more than ten attendees.

25.     Within thirty (30) days of entry of the Decree, and on an annual basis thereafter, Defendant will have Elena DeFio Kean and/or Kristin Foust of Hinman Straub, P.C. provide all other supervisory employees and employees with human resources duties, with no fewer than three (3) hours of live, interactive, virtual and/or in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on race and sex discrimination, including harassment, and retaliation.  Newly hired employees in these categories and employees who assume supervisory or human resources responsibilities will be given the training within fourteen (14) days of their start date or the date responsibilities were assumed, although the training need not be in-person.

26.     Within thirty (30) days of entry of the Decree, and on an annual basis thereafter, Defendant will have Elena DeFio Kean and/or Kristin Foust of Hinman Straub, P.C. provide all non-supervisory employees with no fewer than two (2) hours of live, interactive, virtual and/or in-

person training on federal laws prohibiting discrimination in employment, with a special emphasis on race and sex discrimination, including harassment, and retaliation.   Newly hired non-supervisory employees will be given the training within fourteen (14) days of their start date or the date responsibility was assumed, although the training need not be in-person.

27.    The trainings will: (1) cover the rights and responsibilities of employees under federal anti-discrimination laws; (2) describe or portray real-world examples of unlawful conduct, specifically as it relates to race and sex discrimination, including harassment, and retaliation; (3) discuss best practices for addressing discriminatory comments; (4) encourage bystander reporting; and (5) review the Policy, with emphasis on the complaint, investigation, and remediation processes, and an employee's right to file a charge of discrimination with EEOC and state or local agencies.

28.    Within fourteen (14) days of the completion of any training described in the preceding paragraphs, Defendant will provide EEOC with a copy of an attendance sheet signed by all attendees and a list of the required employees, if any, who did not attend training as required.

29.    At least thirty (30) days prior to the required trainings discussed above, Defendant will provide EEOC notice of the date, time, and location of the scheduled training.   EEOC, at its discretion, may attend and observe one or more of the training sessions and may provide changes to be implemented by the trainer.

30.    If the outside trainer or content changes after the initial training, Defendant will submit a revised training proposal to the EEOC at least sixty (60) days prior to the proposed date of the next training. In the event the EEOC does not approve Defendant's proposed trainer and/or content, Defendant will have five (5) days to identify an alternate trainer and/or revise the content its trainer proposes to present.   The EEOC will then have five (5) days from the date it receives

the information described above to accept or reject the alternate trainer and/or content.  If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance.

## Monitoring

31.    EEOC and the Independent Monitor may monitor Defendant's compliance with this Decree through the inspection of Defendant's premises and records, and through interviews with Defendant's officers, agents, employees, and contractors.  Defendant will make available for inspection and copying any records related to this Decree upon request by EEOC or the Independent Monitor.

32.    In addition, at least once every two (2) months, the Independent Monitor will make an unannounced visit to the restaurant.  The parties agree to revisit this requirement after twelve months to determine if this needs to continue for the remaining duration of the Consent Decree.

### Reporting and Investigation Requirements for Discrimination Complaints

33.    Defendant will, to the extent practicable, within twenty-four (24) hours of the receipt of any complaint (formal or informal, written or oral, internal or external) of discrimination or retaliation from any employee notify the Independent Monitor and provide the name, home address, telephone number, and email address of the complainant; the name of the alleged discriminator; the name, home address, telephone number, email address of any witnesses; and a summary of the complaint. Defendant must provide any additional information or documentation requested by the Independent Monitor.

34.    Within three (3) days of receipt of a complaint of discrimination or retaliation, to the extent practicable, the Independent Monitor will commence an investigation that may include,

but is not limited to, conducting witness interviews and reviewing records and collecting data. All employees will be encouraged to cooperate fully with any investigation.

35.     Every ninety (90) days, the Independent Monitor will provide to EEOC a written report: (1) detailing all complaints of discrimination or retaliation received during the period; (2) describing any steps taken to investigate each complaint; and (3) identifying the steps the Independent Monitor intends to take to further the investigation. The written report will also include a copy of any findings or resolutions reached concerning any investigation concluded during the period.

36.     The Independent Monitor will retain all documents and reports related to any complaint received or investigation conducted. EEOC may request materials related to a complaint or investigation at any time.

### Additional Oversight

37.     Defendant agrees not to rehire former manager John Jones.

38.     Defendant is prohibited from utilizing Michael Schwab to investigate or address complaints of discrimination and retaliation in the future.

### Recordkeeping and Retention

39.     Within seven (7) days of entry of this Decree, Defendant will adopt a document retention policy consistent with its recordkeeping obligations pursuant to Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c); and 29 C.F.R. Part 1602 *et seq.*

40.     Defendant agrees to maintain any such records as are necessary to demonstrate their compliance with this Decree and Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c); and 29 C.F.R. Part 1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

## MONETARY RELIEF

41.     Defendant will pay the total gross sum of $65,000 in monetary damages to Charging Party Anthony Dougherty and a class of aggrieved individuals discriminated against by Defendant (collectively with Dougherty, "Claimants"), in amounts designated by the EEOC.

42.     Monetary damages will be apportioned between compensatory damages, punitive damages, and backpay at EEOC's sole discretion.

43.     Upon entry of this Decree, EEOC will provide to Defendant a list of required payments to specific Claimants and the apportionment between compensatory damages (all Claimants) and backpay (Dougherty only). Defendant may not challenge EEOC's determinations.

44.     EEOC will provide Defendant a list of the addresses to which checks to Claimants should be mailed.

45.     In consideration for the Monetary Relief paid in this Section, the Claimants will execute a release of the claims EEOC brought in this lawsuit.

46.     Within fourteen (14) days of receipt of the Claimant payment information and executed limited releases or the date of entry of this Decree if it is later, Defendant will send to the Claimants checks for compensatory damages and IRS Form 1099 via certified or other trackable mail. A copy of the check, IRS form 1099, and tracking information will be provided to EEOC immediately upon their issuance.

47.     Within fourteen (14) days of receipt of the Claimant payment information, executed limited releases, and an IRS form W-9 for Dougherty or the date of entry of this Decree if it is later, Defendant will send to Dougherty a check for backpay and an IRS form W-2 via certified or other trackable mail. Defendant will make all required withholdings for applicable federal, state, and local income taxes and the employee share of federal payroll taxes. Defendant will be

responsible for (and may not deduct from this payment) any tax obligation Defendant incurs from of these payments, including the employer's share of federal payroll taxes. A copy of the check, IRS Form W-2, and tracking information will be provided to EEOC immediately upon their issuance.

48.     If any portion of the payment due under this Decree to any Claimant is not issued and mailed in full within the period required, then for each additional day that it remains unpaid Defendant must pay $50 to that Claimant.

49.     It is agreed and acknowledged that the monetary relief agreed to are in settlement of damages, as set forth herein, and constitute a debt owed to and collectible by the United States.

50.     Under no circumstances will any portion of the monetary relief revert to Defendant or Joseph Fierro.

51.     In the event that any check(s) remain unclaimed more than sixty (60) days after issuance, Defendant will notify EEOC and, from that date, EEOC shall have sixty (60) days to contact/locate the individual(s) who has not yet claimed their funds. If EEOC is unable to contact/locate the individual(s) whose check remains unclaimed, then EEOC will direct Defendant to redistribute the un-effectuated funds to one or more of the other Claimants at its sole discretion. Defendant will then mail a new check(s) via overnight mail to the identified Claimant(s) in the amounts specified by the EEOC within seven (7) days of the EEOC's direction.

## MISCELLANEOUS PROVISIONS

52.     Except as otherwise provided herein, the parties will bear their own expenses, attorneys' fees, and costs.

53.     When this Decree requires a certification by Defendant of any fact(s), such certification must be made under oath or penalty of perjury by an officer or management employee of Defendant.

## DURATION OF THE DECREE

54.     This Decree will remain in effect for three (3) years from entry. The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

55.     If EEOC has notified Defendant in writing not less than fourteen (14) days in advance of the expiration of this Decree that Defendant is not in compliance with any sections of this Decree, Defendant's obligations under this Decree will remain in effect until EEOC determines that Defendant is in compliance.

56.     The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein.  Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

## SIGNATURES

57.     Each signatory to this Decree represents that each is fully authorized to execute this
Decree and to bind the parties on whose behalf each signs.

APPROVED IN FORM AND CONTENT:

For Plaintiff EEOC:

Jeffrey Burstein
Regional Attorney

Nora E. Curtin
Supervisory Trial Attorney

Renay M. Oliver
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

For Defendant:

Jacqueline Phipps Polito
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
jpolito@littler.com
585.203.3400
Attorneys for Defendant

SO ORDERED this 29th day of September , 2021.

David N. Hurd
U.S. District Judge

15

# EXHIBIT A

<u>**NOTICE OF LAWSUIT AND RESOLUTION**</u>

This Notice is being posted pursuant to a Consent Decree entered in resolution of *Equal Employment Opportunity Commission v. American Glory Restaurant Corp.*, Case No. 1:20-cv-1184(DNH)(DJS), in the United States District Court for the Northern District of New York.

EEOC brought this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of race and sex, as well as retaliation, and to provide appropriate relief to employees who were affected by such unlawful practices.

EEOC alleges that Defendant violated Title VII by maintaining a workplace permeated with unlawful harassment and retaliation; that American Glory's owner repeatedly subjected Black employees to racist comments and slurs, as well as racist "jokes"; and that Defendant also subjected female employees to sexual harassment, which included near-constant leering and crude sex-based comments.

Federal law prohibits discrimination in employment based on race and sex, including harassment. Federal law also prohibits retaliation against any employee who makes a complaint or files a charge of discrimination, who opposes unlawful activity, or who cooperates in the investigation of a charge or otherwise exercises their rights under the law.

Pursuant to the Consent Decree, American Glory will pay damages, and:

1.  Is enjoined from discriminating against any employee because of their race or sex, or because of any other unlawful basis and from retaliating against any person who exercises their rights under federal anti-discrimination laws;

3.  Will revise and distribute its written policies and procedures prohibiting discrimination and retaliation, and enabling employees to file discrimination complaints;

4.  Will report to the EEOC and an outside monitor all complaints of discrimination, including sex and race discrimination or harassment, and/or retaliation received from American Glory employees; and

5.  Will permit the EEOC to monitor compliance with the Consent Decree.

Should you have any complaints or questions regarding employment discrimination, contact the EEOC at:
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Phone: (800) 669-4000 or (929) 506-5270
TTY (for hearing impaired): (800) 669-6820
ASL Video Phone (for hearing impaired): (844) 234-5122
Website: www.eeoc.gov

Date: _____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for three (3) years from the date shown above and must not be altered, defaced, or covered by any other material.  Any questions concerning this Notice or compliance with its provisions may be directed to the EEOC at the numbers listed above.

# EXHIBIT B

**MEMORANDUM**

| TO: | All Employees of American Glory Restaurant Corp. ("American Glory") |
|---|---|
| FROM: | Joe Fierro |
| SUBJECT: | 2021 EEO Policy Statement |
| DATE: | August 16, 2021 |

An EEOC charge was filed against American Glory Restaurant Corp. ("American Glory"). Through the investigation process that occurred in response to that charge, a number of allegations were raised. As President of American Glory, I want to assure you that as employees, you have the right to bring forth any complaints of discrimination or harassment. Those complaints will be promptly addressed and investigated. We are committed to a safe workplace for all of our employees, and a workplace free from discrimination. In order to bring closure to this matter, we have not admitted any liability, but we have agreed to a resolution, as set forth in the attached Notice.

If you believe you have discriminated or harassed on the basis of race or sex or retaliated for complaining of discrimination, please contact Independent Monitor:

Elena DiFio Kean
Hinman Straub, P.C.
(518) 689-7297
AGconcerns@hinmanstraub.com

# EXHIBIT C

# AMERICAN GLORY RESTAURANT

## POLICY & COMPLAINT PROCEDURE REGARDING
## DISCRIMINATION AND HARASSMENT

I.    *POLICY:*

It is the policy of American Glory Restaurant ("American Glory") to provide and maintain a work environment which is free from unlawful harassment and discrimination based on sex (with or without sexual conduct), race, creed, color, religion, national origin, age, disability, sexual orientation, marital status, military status, domestic violence victim status, arrest or conviction record, genetic characteristics, gender identity or expression, and any other class protected by law (collectively referred to as "discriminatory harassment" or "harassment"). Discrimination or harassment based on these characteristics is a form of <u>unlawful discrimination</u> and is a form of misconduct that undermines the integrity of the employment relationship and will not be tolerated. Accordingly, such conduct is prohibited in each and every work environment and each and every situation, which directly impacts the work environment.

American Glory expressly prohibits any form of employee discrimination or harassment based on race, creed, religion, sex, national origin, age, disability, or an individual's status in any class protected as stated above by applicable federal, state, or local law. Improper interference with the ability of our employees to perform their expected job duties will not be tolerated. Consistent with these obligations, American Glory also provides reasonable accommodations to employees and applicants with disabilities and for sincerely held religious beliefs, observances, and practices.

All American Glory employees will be expected to comply with this policy and with all applicable laws and regulations prohibiting sexual harassment and other forms of discrimination or harassment and must take appropriate measures to ensure that such conduct does not occur. American Glory has a zero tolerance policy for any form of harassment based upon sex (with or without sexual conduct), race, creed, color, religion, national origin, age, disability, sexual orientation, marital status, military status, domestic violence victim status, arrest or conviction record, genetic characteristics, gender identity or expression and any other class protected by law. Appropriate disciplinary action will be taken against any employee who violates this policy. Based on the seriousness of the offense, disciplinary action may include, but is not limited to, verbal or written reprimand, suspension or termination.

This policy applies to all employees, paid or unpaid interns, applicants, and clients of American Glory, as well as all contractors, and persons conducting business with American Glory. This policy prohibits harassment, discrimination and retaliation whether engaged in by fellow employees, by a supervisor or manager or by someone not directly connected to American Glory (e.g., an outside vendor, consultant or customer).

Conduct prohibited by these policies is unacceptable in the workplace and in any work-related setting outside the workplace, such as during work trips, catering events, networking events, work meetings, job fairs and related events, and work-related social events.

1

II.    *DEFINITIONS:*

A.    <u>Sexual Harassment</u> is defined as:

Unwelcome sexual advances, request for sexual favors, and other <u>verbal or physical</u> conduct of a sexual nature when:

1.    Submission to such conduct is made explicitly or implicitly a term or condition of an individual's employment (e.g., promotion, training, assignments, etc.);

2.    Submission to or rejection of such conduct by an individual is used as a basis for employment decisions affecting such individual; or

3.    Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance <u>or</u> creating an intimidating, hostile, or offensive working environment.

<u>Examples</u> of specific behaviors that may be considered sexual harassment include, but are not limited to:

- Physical touching/assault
- Spoken or written words related to an individual's sex
- Any sexual advance that is unwelcome
- Sexually oriented comments
- Showing or displaying pornographic or sexually explicit objects or pictures in the workplace
- Offensive touching, patting or pinching
- Requests for sexual acts or favors
- Abusing the dignity of an employee through insulting or degrading sexual remarks or conduct
- Threats, demands or suggestions that an employee's work status is contingent upon her/his toleration of or acquiescence to sexual advances
- Subtle pressure for sexual activities
- Sexually charged or explicit jokes, stories and comments
- Leering at a person
- Visiting sexual or otherwise inappropriate websites or distributing the same via electronic mail
- Stereotypical jokes and/or comments

Sexual harassment is gender neutral and may involve members of the same or different gender.

It is no excuse that the alleged conduct "meant no harm" or was "a joke."

B.    <u>Other unlawful harassment</u>:

Discrimination or harassment on the basis of any other protected characteristic is also prohibited.

Prohibited discrimination or harassment is verbal or physical conduct that is offensive to or shows hostility or aversion toward an individual because of his/her race, creed, color, religion,

2

national origin, age, disability, or any of the protected statuses enumerated above, and that:

(i)     has the purpose or effect of creating an intimidating, hostile or offensive work environment;

(ii)    has the purpose or effect of unreasonably interfering with an individual's work performance; or

(iii)   otherwise adversely affects an individual's employment opportunities.

Examples of discrimination or harassment include, but is not limited to:

- Using epithets, slurs, jokes, remarks, or negative stereotyping that are derogatory or demeaning to an individual's or group's characteristics or that promote stereotypes
- Threatening, intimidating or hostile acts
- Displaying or circulating in the workplace (including through e-mail, internet, or social networking sites, such as, but not limited to Facebook, , Instagram, TikTok or Snapchat) of written or graphic material that disparages or shows hostility or hatred towardan individual or group, based on a protected class.

## III.   *PROCEDURE:*

### A.    <u>REPORTING DISCRIMINATION OR HARASSMENT</u>

Preventing harassment is everyone's responsibility. American Glory cannot prevent and/or remedy unlawful harassment unless it knows about it.

If an employee or applicant is subjected to or witnesses a situation which he/she believes constitutes discrimination or harassment in violation of this Policy, the individual should make an oral or written complaint to the Independent Monitor:

> Elena DeFio Kean
> Hinman Straub, P.C.
> (518) 689-7297
> AGconcerns@hinmanstraub.com

Employees and applicants may also make complaints to a supervisor or manager.

All complaints will be investigated as promptly as possible and resolved within a reasonable time after the receipt of the complaint. Investigations may include reviewing documents, emails, text messages, and other records, as well as interviews of all parties involved.

A determination on the complaint will be issued from the investigator. Allinformation gathered during an investigation of a harassment complaint will be handled in a confidential manner, to the extent possible.

The results will be communicated back to the complainant. In the event the alleged discriminator/harasser is also an employee, they will also receive notification of the results of the investigation. Any corrective action will be implemented promptly.

## IV.    RETALIATION:

1.     No person covered by this Policy shall be subject to punishment for reporting incidents of harassment or discrimination, or assisting in any investigation of such a complaint.

2.     Retaliation against any individual making a discrimination or harassment complaint or assisting in the investigation of such a complaint is strictly forbidden.

3.     Retaliation is a form of misconduct.

4.     Retaliation, like discrimination and harassment, is against the law and is a serious violation of this policy.

5.     Employees who retaliate against other employees who complain about discrimination or harassment and/or participate in an investigation of discrimination or harassment will be subject to disciplinary action up to and including termination.

6.     Individuals who believe they have been subjected to or witnessed retaliation should immediately reports same to the Independent Monitor. Individuals may also report instances of retaliation to a manager or supervisor.

## V.    MISCELLANEOUS:

a.     In the event a complaint of discrimination or harassment is determined to be founded, American Glory will take disciplinary action up to and including termination.

b.     This Policy does not preclude the filing of harassment complaints with either the New York State Division of Human Rights or the Federal Equal Employment Opportunity Commission, or the pursuing of any other remedies as permitted by law, including any applicable local laws. (See VII below)

c.     File your complaint as soon as possible as some time limitations may preclude bringing an action in certain forums.

d.     The following is contact information for the New York State Division of Human Rights - General inquiries may also be directed to info@dhr.ny.gov and local offices are also available at infoAlbany@dhr.ny.gov.

e.     The following is contact information for the Federal Equal Employment Opportunity Commission: www.eeoc.gov.

## VI.    RESPONSIBILITIES OF MANAGERS/SUPERVISORS:

a.     All managerial and supervisory personnel of American Glory shall be responsible for enforcing this Policy and shall have particular responsibility for ensuring that the work environment under their supervision is free from discrimination,

including harassment, and retaliation and their effects. Failure of a manager or supervisor to comply with this responsibility may result in disciplinary action up to and including termination.

b.   All managerial and supervisory personnel who receive complaints of discrimination, harassment, or retaliation must immediately forward such complaints to the Independent Monitor. Failure to forward such complaints upon receipt may result in disciplinary action up to and including termination.

c.   American Glory will conduct annual training for personnel on the issues surrounding discrimination, including harassment, and retaliation, its effects and its appearances, and therole and responsibility of managerial/supervisory personnel in preventing incidents of discrimination, harassment, and retaliation.

d.   American Glory shall distribute this Policy to all employees and all others covered by its parameters. Copies of this Policy will be distributed to new employees as they are hired and provided at each annual training.

e.   Copies of this Policy will be conspicuously posted.

## VII.   LEGAL PROTECTIONS AND EXTERNAL REMEDIES

### 1.   State Human Rights Law (HRL)

The Human Rights Law (HRL), codified as N.Y. Executive Law, art. 15, §290 et seq., applies to all employers in New York State with regard to sexual harassment, and protects employees, paid or unpaid interns and non-employees, regardless of immigration status. A complaint alleging violation of the Human Rights Law may be filed either with the Division of Human Rights (DHR) or in New York State Supreme Court.

Complaints with DHR may be filed any time within one year of the harassment. If an individual did not file at DHR, they can sue directly in state court under the HRL, within three years of the alleged sexual harassment. An individual may not file with DHR if they have already filed a HRL complaint in state court.

Complaining internally to American Glory does not extend your time to file with DHR or in court. The one year or three years is counted from date of the most recent incident of harassment.

You do not need an attorney to file a complaint with DHR, and there is no cost to file with DHR.

DHR will investigate your complaint and determine whether there is probable cause to believe that sexual harassment has occurred. Probable cause cases are forwarded to a public hearing before an administrative law judge. If sexual harassment is found after a hearing, DHR has the power to award relief, which varies but may include requiring your employer to take action to stop the harassment, or redress the damage caused, including paying of monetary damages, attorney's fees and civil fines.

DHR's main office contact information is: NYS Division of Human Rights, One Fordham Plaza, Fourth Floor, Bronx, New York 10458. You may call (718) 741-8400 or visit: www.dhr.ny.gov.

5

Contact DHR at (888) 392-3644 or visit dhr.ny.gov/complaint for more information about filing a complaint. The website has a complaint form that can be downloaded, filled out, notarized and mailed to DHR. The website also contains contact information for DHR's regional offices across New York State.

2. <u>Civil Rights Act of 1964</u>

The United States Equal Employment Opportunity Commission (EEOC) enforces federal anti-discrimination laws, including Title VII of the 1964 federal Civil Rights Act (codified as 42 U.S.C. §2000e et seq.). An individual can file a complaint with the EEOC anytime within 300 days from the harassment. There is no cost to file a complaint with the EEOC. The EEOC will investigate the complaint, and determine whether there is reasonable cause to believe that discrimination has occurred, at which point the EEOC will issue a Right to Sue letter permitting the individual to file a complaint in federal court.

The EEOC does not hold hearings or award relief, but may take other action including pursuing cases in federal court on behalf of complaining parties. Federal courts may award remedies if discrimination is found to have occurred. In general, private employers must have at least 15 employees to come within the jurisdiction of the EEOC.

An employee alleging discrimination at work can file a "Charge of Discrimination." The EEOC has district, area, and field offices where complaints can be filed. Contact the EEOC by calling 1-800-669-4000 (TTY: 1-800-669-6820), visiting their website at www.eeoc.gov or via email at info@eeoc.gov.

If an individual filed an administrative complaint with DHR, DHR will file the complaint with the EEOC to preserve the right to proceed in federal court.

3. <u>Local Protections</u>

Many localities enforce laws protecting individuals from sexual harassment and discrimination. An individual should contact the county, city or town in which they live to find out if such a law exists.

4. <u>Contact the Local Police Department</u>

If the harassment involves unwanted physical touching, coerced physical confinement or coerced sex acts, the conduct may constitute a crime. Contact the local police or sheriff's department.

**Attachments:    Acknowledgment Form**

## Acknowledgment Form

I acknowledge that I have received a copy American Glory's Policy and Complaint Procedure Regarding Discrimination and Harassment. I agree that I have read the policy thoroughly and agree to abide by such policy. Further, I agree that if there is any provision that I do not understand, I will seek clarification from the Independent Monitor.


Date:_____

Signature:_____

Print Name: _____